# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-01915-001-TUC-RCC (MSA) |
| Plaintiff, | **ORDER OF COMMITMENT** |
| v. | |
| James Lee Carr, | |
| Defendant. | |

On January 28, 2021, a hearing was held with Defendant James Lee Carr and counsel for both parties present. During the hearing, counsel advised the Court that his client has a significant history of mental illness, and that communication is difficult in part because his client hears voices. This is consistent with the Court's own observations of Defendant. During the hearing, Defendant appeared to whisper to someone next to him although no one was there. Additionally, Defendant made unusual inquiries during the hearing. These include asking whether the Court is going to hang him, and whether he will be transported to a new facility in a boat.

The Court finds by a preponderance of the evidence that Defendant is not presently competent to stand trial. There being no objection from either party,

**IT IS ORDERED:**

1. Defendant's motion for a competency hearing (Doc. 17) is **granted**.

2. Pursuant to 18 U.S.C. § 4241(d), Defendant is committed to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time,

not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward. The four months shall commence on the date Defendant arrives at the facility.

3. **The United States Marshal shall:**

   a. Promptly coordinate with the Bureau of Prisons to effectuate this Order and arrange transportation of Defendant to the designated facility, and transmit the U.S. Marshal's Medical Study Timeline to U.S. Magistrate Judge Maria S. Aguilera within 14 days.

   b. If the psychologist or psychiatrist finds Defendant to be competent and issues a certificate of competency, promptly transport Defendant back to the District of Arizona without further Order of this Court, and notify the Court and counsel for both parties when Defendant is back in the District.

4. **The Attorney General or his agent shall:**

   a. At the end of Defendant's commitment, prepare and submit a written report pursuant to 18 U.S.C. § 4247(b) and (c). This report shall include the name and dosage of all medications Defendant is currently taking. Such medication shall be provided to the U.S. Marshals to assure continuity of medication during the transport process.

   b. Submit the report by both U.S. Mail <u>and</u> email to:

   • ORIGINAL Report via U.S. Mail to
   U.S. District Court
   Chambers of U.S. Magistrate Judge Maria S. Aguilera
   405 W. Congress Street, Suite 5650
   Tucson, Arizona 85701;

   • COPY of Report
   via email Aguilera_chambers@azd.uscourts.gov

   c. Provide a copy of the written report to the medical staff at the originating facility to assure continuity of medication. For inmates returning to CCA-CADC the point of contact is Adam Kinkead and the report is to be emailed to him at Adam.Kinkead@cca.com upon the inmate's departure from the Federal Medical Center.

d. If, at the conclusion of the four-month commitment, the psychologist's or psychiatrist's opinion is that Defendant remains incompetent, Defendant shall remain at the medical facility pending further order of the Court.

e. If, at any time during the commitment, the psychologist's or psychiatrist's opinion is that Defendant is not restorable, Defendant shall remain at the medical facility pending further order of the Court, and the Attorney General or his agent shall promptly determine whether a dangerousness evaluation pursuant to 18 U.S.C. §§ 4246 and 4248 is needed, and if so, begin the evaluation.

5. All proceedings relating to Defendant are stayed pending further order of the Court. Excludable delay under 18 U.S.C. § 3161(h)(1)(A) is found to commence on January 28, 2021, and end upon the Court's determination that Defendant is competent. Such time shall be in addition to other excludable time under the Speedy Trial Act and shall commence as of the day following the day that would otherwise be the last day for commencement of trial.

6. **This matter is set for a status conference** before the undersigned judge on **May 27, 2021**, at **9:20 a.m.**

7. **The parties shall:**

a. Upon notification of the name and contact information for the examining psychologist or psychiatrist, promptly provide that person with all relevant documents, including case reports disclosed to the defense, Defendant's criminal history, and other known mental health examinations or medical records in their possession. The parties are authorized to disclose any federal presentence investigation report(s) (PSRs) for Defendant. Any disclosed PSR shall be used solely for the purpose of this examination.

b. By **May 21, 2021**, inform U.S. Magistrate Judge Aguilera via email or telephone, if they have not yet received the doctor's report.

. . . .

. . . .

. . . .

8. The Clerk of the Court is ordered to provide this order to the U.S. Marshal Service forthwith.

Dated this 28th day of January, 2021.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge